UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

LENA FICKLIN,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian corporation,
d/b/a CARNIVAL CRUISE LINE,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LENA FICKLIN ("Plaintiff"), by and through undersigned counsel, sues the Defendant, CARNIVAL CORPORATION, a Panamanian corporation, d/b/a CARNIVAL CRUISE LINE ("Carnival"), and alleges:

**JURISDICTION & VENUE**

**A. Diversity of Citizenship**

1. This is an action for personal injuries under general maritime law of the United States, seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest.

2. Plaintiff, LENA FICKLIN, is a resident of Texas, over the age of 18, and otherwise sui juris.

3. At all times material, Defendant, CARNIVAL, was a for profit corporation with its worldwide headquarters, principal address, and principal place of business at 3655 NW 87th Avenue, Miami, FL 33178-2428.

4. There is complete diversity of citizenship herein and the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**B. Admiralty Jurisdiction Over Incident**

5. This action is subject to the jurisdiction of this Court by virtue of 28 U.S.C. §1333 as the causes of action asserted in this Complaint arise under the General Maritime Law of the United States, in that the incident occurred on navigable water, or the injury was caused by a vessel on navigable water and is connected with maritime activity.

6. At all times material, Defendant CARNIVAL is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports within the continental United States and owned, managed, operated, maintained, supervised and/or controlled, or was the owner pro hac vice and/or charterer of the ocean-going passenger vessel known as the *Carnival Vista*.

**C. Venue in the U.S. District Court for the Southern District of Florida**

7. Venue is proper in this District pursuant to 28 U.S.C. 1391(b).

8. Moreover, the CARNIVAL cruise passenger ticket issued to Plaintiff provides that injury cases occurring during Plaintiff's cruise, aboard the *Carnival*

*Vista*, "shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami ... to the exclusion of the Courts of any other county, state or country."

## FACTUAL ALLEGATIONS

9. On or about July 20, 2021, Plaintiff was a fare paying passenger lawfully aboard the cruise ship, *Carnival Vista*.

10. On July 20, 2021, Plaintiff, Lena Ficklin, was a passenger on a vessel owned and operated by Defendant, CARNIVAL, having come on the premises to make use of the facilities.

11. On said date and ship, Plaintiff was attempting to exit the interior of the vessel to The Lanai on Deck 5 starboard side through the double glass doors adjacent to the men's restroom near the perfume shop and theater.

12. As Plaintiff approached the double glass doors, the doors opened with substantial force, striking Plaintiff and knocking her against the wall and onto the ground, and causing her significant injury.

13. On July 20, 2021, Carnival permitted passengers and crew to access the aforedescribed area of the ship when it knew or should have known that the double glass doors were malfunctioning, the doors should have been secured and/or the doors were unreasonably dangerous and defective.

14. At all times material, Defendant CARNIVAL owed a duty to the Plaintiff and other similarly situated passengers of the *Carnival Vista*, to exercise reasonable care under the circumstances and that duty encompassed a duty to (a) warn of unreasonably dangerous conditions of which Carnival was actually or constructively aware, and (b) properly maintain the vessel and all associated structures in a reasonably safe condition.

15. The dangerous condition of the double glass doors was not open and obvious to the Plaintiff or other passengers similarly situated.

16. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

## COUNT I – NEGLIGENCE AGAINST CARNIVAL CORPORATION

17. Plaintiff realleges and reavers the foregoing allegations in paragraphs 1 through 16 as though originally stated herein.

18. At all times material, Defendant CARNIVAL knew, from its previous experience and other vessels in its fleet, that its glass double doors can close prematurely and improperly and cause a danger to its passengers if the doors are not properly maintained and monitored.

19. At all times material, Defendant CARNIVAL, by and through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the

circumstances to its passengers, including Plaintiff.

20.    Defendant CARNIVAL, through its employees, servants, agents and/or representatives, acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to Plaintiff, by committing one or more of the following acts and/or omissions:

   a. Failing to properly maintain its double glass doors to ensure they were reasonably safe for its passengers;

   b. Failing to properly inspect and monitor its inboard double glass doors to ensure they were safe for passenger use;

   c. Failing to utilize the readily available door stopper to prevent the double glass doors from closing prematurely or unexpectedly;

   d. Failing to adequately warn passengers of the dangers associated with its double glass doors;

   e. Failing to comply with manufacturer's recommendations as it relates to the double glass doors installed on the *Carnival Vista*;

   f. Failing to discover a dangerous condition on its vessel;

   g. Failing to ensure that its crew and employees were properly trained and instructed on the maintenance and calibration of its double glass doors;

   h. Failing to enact and enforce reasonable and appropriate policies and procedures relating to its double glass doors;

   i. Failing to provide safe ingress and egress on its vessel;

   j. Failing to comply with industry standards and Defendant CARNIVAL's own standards relating to its double glass doors;

   k. Failing to comply with applicable laws, codes and treaties;

  l. Failing to select a safe and appropriate door for the subject doorway;

  m. Creating a dangerous condition on its vessel and/or;

  n. All other negligent acts and omissions learned in discovery.

## COUNT II – VICARIOUS LIABILITY AGAINST CARNIVAL CORPORATION

21. Plaintiff realleges and reavers the foregoing allegations in paragraphs 1 through 16 as though originally stated herein.

22. At all times material, Defendant CARNIVAL was vicariously liable for its employees' negligence, even if it is not directly liable for anything that the employees failed to do. Namely, to protect passengers from the dangers posed by high velocity winds and other conditions and their effect on vessel double glass doors.

23. At all times material, the injury suffered by Plaintiff was foreseeable by Defendant CARNIVAL, considering that CARNIVAL knew or should have known that high velocity winds and other conditions cause the double glass doors to close prematurely and forcefully.

24. At all times material, the injury suffered by Plaintiff was foreseeable by Defendant CARNIVAL, considering that high velocity winds and other weather conditions were forecasted in the location in which the *Carnival Vista* was sailing at the time of the Plaintiff's incident.

25. At all times material, the injury suffered by Plaintiff was foreseeable by Defendant CARNIVAL, considering that high velocity winds and other weather conditions had actually commenced in the location where the *Vista* was sailing at the time of the Plaintiff's incident.

26. At all times material, Defendant CARNIVAL, by and through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including Plaintiff.

27. Defendant CARNIVAL, through its employees, servants, agents and/or representatives, acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to Plaintiff, by committing one or more of the following acts and/or omissions:

    a. Failing to properly maintain its double glass doors to ensure they were reasonably safe for its passengers;

    b. Failing to properly inspect and monitor its inboard double glass doors to ensure they were safe for passenger use;

    c. Failing to utilize the readily available door stopper to prevent the double glass doors from closing prematurely or unexpectedly;

    d. Failing to adequately warn passengers of the dangers associated with its double glass doors;

    e. Failing to comply with manufacturer's recommendations as it relates to the double glass doors installed on the *Carnival Vista*;

    f. Failing to discover a dangerous condition on its vessel;

  g. Failing to ensure that its crew and employees were properly trained and instructed on the maintenance and calibration of its double glass doors;

  h. Failing to enact and enforce reasonable and appropriate policies and procedures relating to its double glass doors;

  i. Failing to provide safe ingress and egress on its vessel;

  j. Failing to comply with industry standards and Defendant CARNIVAL's own standards relating to its double glass doors;

  k. Failing to comply with applicable laws, codes and treaties;

  l. Failing to select a safe and appropriate door for the subject doorway;

  m. Creating a dangerous condition on its vessel and/or;

  n. All other negligent acts and omissions learned in discovery.

28. Upon information and belief, Defendant CARNIVAL, over the years, has received actual notice that many of its passengers have been struck, injured, or thrown off balance by its double glass doors opening or closing prematurely and improperly.

29. At all times material, the calibration and specifications of the double glass doors throughout Defendant CARNIVAL's fleet are created, selected, approved, authorized, tolerated by and/or are under the direct control and/or participation of the Defendant CARNIVAL.

30. As a direct and proximate result of the above-described negligence and carelessness by Defendant CARNIVAL, Plaintiff was injured in and about her body,

including but not limited to her arm, endured pain and suffering, disability, disfigurement, mental anguish, inconvenience, the loss of the capacity for the enjoyment of life, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, Lena Ficklin, demands judgment against Defendant CARNIVAL CORPORATION for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law and attorneys' fees and costs as may be allowed by law and demands trial by jury of all issues to triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of fact.

Dated this 21st day of April 2022.

Respectfully submitted,

**ROBERT L. GARDANA, P.A.**
Attorneys for Plaintiff
12350 SW 132 Court, #204
Miami, Florida 33186
PH: 305-358-0000/FAX: 305-358-1680
E-Mail: robert@gardanalaw.com
            staff@gardanalaw.com

By: *Robert L. Gardana*
Robert L. Gardana, Esq.
Florida Bar No. 279668